**In re Benjamin Leon COLEMAN and, Krista J. Coleman, Debtors.**

**No. 02–03780–3P7.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

March 31, 2003.

Valerie Hall Manuel, Jacksonville, FL, trustee.

Raymond R. Magley, Smith & Hulsey, Jacksonville, FL, for Debtors.

*FINDINGS OF FACT AND CONCLUSIONS OF LAW ON THE APPLICATION BY SAN MARCO FIREHOUSE, INC., ETC., ET AL. FOR DETERMINATION AND PAYMENT OF ADMINISTRATIVE CLAIM*

GEORGE L. PROCTOR, Bankruptcy Judge.

This Case is before the Court upon the Application by San Marco Firehouse, Inc., Etc., *Et Al.*, for Determination and Payment of Administrative Claim. After a hearing on March 19, 2003 the Court makes the following Findings of Fact and Conclusions of Law:

204

## FINDINGS OF FACT

1. On March 1, 1999 the Claimant, San Marco Firehouse, Inc., d/b/a Firehouse Subs entered into a Sublease with Big Ben, Inc.

2. The Debtor, Benjamin Coleman, personally guaranteed the lease between the claimant, as Sublessor, and Big Ben, Inc., as Sublessee.

2. The Sublessee terminated the Sublease on or about March 1, 2002.

3. The Debtor filed his voluntary petition under Chapter 7 on April 24, 2002.

4. The Trustee for the Debtor neither assumed nor rejected the lease.

## CONCLUSIONS OF LAW

Section 503 of the Bankruptcy Code governs the allowance of administrative expenses. § 503 states,

"(b) After notice and hearing there shall be allowed administrative expenses,...including—

(1)(A) the actual and necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case;..."

■ For an expense to be considered an actual or necessary cost or expense of preserving the estate the expense must "bestow a concrete benefit to the estate." *In re Apollo Moving Specialists of Daytona Beach,* 137 B.R. 538, 539 (Bankr. M.D.Fla.1992). In the instant case, the lease does not bestow a concrete benefit to the estate.

■ If a lease agreement is terminated prior to the intervention of a debtor's bankruptcy, the lease is no longer assumable because it is no longer an executory contract. *In the Matter of Ruby's Florida, Inc.,* 11 B.R. 171 (Bankr.M.D.Fla.1981). In the instant case, the lease was terminat-

ed prior to the time the Debtor filed for bankruptcy. The Trustee neither assumed nor rejected the lease.

■ It is this Court's holding that because (1) the lease does not bestow a concrete benefit to the estate and (2) the Trustee made no assumption of the lease, any damages flowing from the breach of the lease are not entitled to administrative priority. Further, the creditors of the Debtors' bankruptcy case should not have to pay for the debts of a corporation.

## CONCLUSION

The Court will enter a separate order denying the Claimant's Application for Chapter 7 Administrative Expense. A general unsecured claim for damages that the Claimant incurred from March 1, 2002 to April 24, 2002, in the amount of $7,875.65, is allowed.